Per Curiam.

If the fact assigned for error would have been error in a judgment on the original action, it is error in the judgment upon the review. The question then is, whether costs are to be allowed against an infant plaintiff. The English cases upon this subject are not very clear ; and it is not important, as they depend upon the English practice and the numerous English statutes about costs. We have one statute provision, which is clear, that in all actions the party prevailing shall have his costs. The only case where an exception has been made has been upon a writ of error ; which is not an original action. Where a judgment is reversed for error of law, the Court have said they will not allow costs. The present case, from the nature of the action, cannot be an exception to the general rule. It is an action at common law upon an original writ.
It is said, however, that it is not necessary that a judgment should be rendered against the infant for costs, because the prochein amy, or the indorser of the original writ, is liable. But there must be a judgment against the infant, before the defendant can proceed against the prochein amy or any one else.
There may be a damage to an infant from the conduct of the prochein amy, and the Court once inclined to make the prochein amy give a bond for the security of the infant. But it was afterwards considered, that such injury would be the necessary consequence of the common law right of any prochein amy to sue for an infant, and that it was for the legislature, and not the Court, to provide a remedy. Parsons v. Jones, 9 Mass. Rep 106.
It has been contended that the St. 23 Hen. 8, c. 15, is in as broad terms as our own, and that the same construction should be given to each. But we must then go back to the law *284 as it stood in the time of Henry the Eighth. We nave always allowed costs against executors and administrators, though they do not in England, under that statute. To give our own statute the same construction, we shall have to presume that it means the same thing as the English, though it is expressed in different words. If it was copied exactly from the English, like most of the provisions in the statute of limitations,, the argument would be just. As, in a case which arose upon the bankrupt law of the United States, our Court would have construed a clause differently from the court in England ; but the same words having received a construction there, the Court felt ■ bound to presume that Congress meant to adopt that construction. Livermore v. Bagley, 3 Mass. Rep. 511.

Judgment affirmed with costs.